IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 4:13-cr-002 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **PLEA AGREEMENT** |
| | ) | |
| MON-DAK WATER & SEPTIC | ) | |
| SERVICE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the

United States of America, by its attorneys, Timothy Q. Purdon, United States Attorney

for the District of North Dakota, and Cameron W. Hayden, Assistant United States

Attorney, Defendant, Mon-Dak Water & Septic Service, LLC agree to the following:

1.     Defendant acknowledges the Information in this case charges a violation of

Title 33, United States Code, Section 1345(e) and Section 1319(c)(2)(A) (Illegal Disposal

of Domestic Sewage Sludge).

2.     Defendant has read the charge and Defendant's attorney has fully explained

the charge to Defendant.

3.     Defendant fully understands the nature and elements of the charged crime.

4.     Defendant will voluntarily plead guilty to the Information.

5.     The parties agree that this Plea Agreement shall be filed as part of the court

record, and be governed by Federal Rule of Criminal Procedure 11(c)(1)(C).

6.     <u>Maximum Statutory Penalties:</u> The Defendant understands that the crime

alleged in the Information, to which it will plead guilty, is a Class E Felony. The Defendant understands that the maximum statutory penalty for a conviction of the crime charged in the Information is a fine of not less than $5,000 nor more than $50,000 per day of violation, or by imprisonment for not more than three years, or both. (18 USC § 3571 also provides for a fine of not more than $500,000 for an organization, 18 USC § 3571(c)(3)). The Court may impose a term of probation between one and five years. (18 USC § 3561(c)(1)). In determining whether to impose a term of probation, the Court may apply the factors listed in 18 USC § 3553(a).

The Court is also required to impose a special assessment of $400.00, 18 USC § 3013(a)(2)(B).

Defendant agrees to pay the Clerk of United States District Court the $400 special assessment on or before the day of sentencing.

7.   Defendant will plead guilty because Defendant is in fact guilty of the charge. In pleading guilty to the charge the Defendant acknowledges that:

Mon-Dak Water and Septic Service ("Mon-Dak") is a North Dakota based business that specializes in residential water and septic services. It also services the Bakken/Three Forks drilling operations by providing insulated and heated portable toilets and fresh water and septic holding tanks.

On January 6, 2012, authorities received a complaint about the illegal disposal of domestic septage on the Iverson property in Williams County. Investigation revealed

2

that domestic septage was dumped on a stubble field by the Defendant. The dumping was not land applied. The disposal resulting in septage cutting drainage channels into the ground that were 2.5 feet deep in some locations. The septage channeled about 100 yards before forming a pool.

The North Dakota Department of Health ("NDDH") issued a Notice of Violation to the Defendant on March 28, 2012 for the improper dumping of domestic septage.

On March 30, 2012, the Defendant sent a letter to the NDDH about the incident. The letter stated in part that:

"The situation that occurred at the disposal site in question was the responsibility of us and our employees to follow proper disposal procedures."

On July 17, 2012, authorities received a complaint about septage being dumped by the Defendant on land in Mountrail County. The domestic septage was dumped on the ground without spreading or otherwise complying with Part 503 Regulations.

On July 25, 2012, NDDH sent a letter of apparent non-compliance to the Defendant concerning the incident.

On September 12, 2012, the Defendant issued a press release and admitted that: "We are diligently working to correct our errors."

Federal regulations establish rules for the land application of domestic septage to non-public contact sites. The regulations set forth standards for the disposal of domestic septage. 40 C.F.R. Part 503.

3

Domestic Septage as described in 40 C.F.R. 503 is the liquid or solid material removed from a septic tank, cesspool, portable toilet, type III marine sanitation device, or similar system that receives only domestic septage (household, non-commercial, non-industrial sewage).

Land application is the spreading of domestic septage on land at controlled rates to fertilize crops and improve the tilth of soils. This domestic septage can either be sprayed or spread on the soil surface, or plowed, disked, or injected into the soil.

Part 503 Regulations labels land application sites that are not frequently visited or used by the public, non-public contact sites. These non-public contact sites include agricultural land, forests, and reclamation sites.

Septage may be land applied to agricultural land only if certain Part 503 Regulations are followed. These include:

1).    All septage that is land applied must be uniformly applied over the site area at a specified application rate;

2).    Pathogen and Vector attraction requirements must be met. Vectors are insects and rodents that can carry pathogens in or on their bodies and transmit disease;

3).    The application site, date, time, rate of application, number of acres of application site, crop nitrogen requirement, and descriptions of the pathogen

4

reduction are to be recorded in a signed certification statement for each application. All records must be retained for 5 years or more.

Corporate officials had knowledge of the Federal Part 503 Regulations.

The EPA Part 503 Regulations were sent to the Defendant prior to the 2012 renewal season. The Defendant acknowledges receiving the packet with the Part 503 Regulations.

The company admits that sometime between, on or about August 1, 2011 and July 17, 2012, it discharged domestic septage on or near agricultural land in Western North Dakota without complying with the Federal Part 503 Regulations. Specifically, septic truck drivers dumped the septage waste by opening the tank valve and discharging the domestic septage directly onto the ground without taking any action to spread the load.

The source of the waste, i.e. domestic septage, included portable toilets and some septic systems. The parties agree that for the purpose of this plea agreement, at least one load on at least one occasion was an illegal discharge.

8.    Acceptance of Responsibility. The Defendant accepts responsibility for the actions alleged in the Information.

9.    Defendant understands that by pleading guilty Defendant surrenders rights, including:

(a)    The right to a speedy trial and related rights as follow:

5

(ii)    The right to a jury trial.

(iii)    At a trial, the United States is required to present witness testimony and other evidence against Defendant. Defendant's attorney can confront and cross-examine them. In turn, the defense can present witness testimony and other evidence. If witnesses for Defendant refuse to appear voluntarily, Defendant can require their attendance through the subpoena power of the Court.

10.    Defendant understands that by pleading guilty Defendant gives up all of the rights set forth in the prior paragraph, and there will be no trial.

11.    The parties agree that the Sentencing Guidelines are not mandatory.

12.    The parties jointly agree to the following sentence:

(a)    no term of incarceration or probation. Probation is not necessary under Title 33, United States Code, Section 1345(e) and Section 1316(c)(2)(A) since the Defendant is under a Compliance Plan monitored by the North Dakota Department of Health during a two year probationary period;

(b)    a $50,000.00 fine;

(c)    special assessment of $400;

(d)    Defendant agrees to fully comply with the land application requirements for Domestic Sewage as required by 40 C.F.R. Part 503; and

(e)    the United States agrees that it will not charge any other violations,

6

counts or crimes for the alleged illegal disposal of Domestic Septage by the Defendant that occurred prior to November 1, 2012. The United States also agrees that it will not prosecute individual corporate officials, employees or drivers for the alleged illegal desposal of domestic septage prior to November 1, 2012.

13.     Defendant acknowledges and understands that if Defendant violates any term of this Plea Agreement, engages in any further criminal activity, or fails to appear for sentencing, the United States will be released from its commitments under this Plea Agreement. In that event, this Plea Agreement shall become null and void, at the discretion of the United States, and Defendant will face the following consequences: (1) all testimony and other information, other than that provided pursuant to Fed. R. Evid. 410, Defendant has provided at any time to attorneys, employees, or law enforcement officers of the government, to the Court, or to the Federal grand jury, may be used against Defendant in any prosecution or proceeding; and (2) the United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges against Defendant and to use any information obtained directly or indirectly from Defendant in those additional prosecutions. Nothing in this agreement prevents the United States from prosecuting Defendant for perjury, false statement, or false declaration if Defendant commits such acts in connection with this agreement or otherwise.

7

14.     Defendant acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this agreement, to induce Defendant to plead guilty.

15.     Defendant is aware of the right to appeal provided under Title 18, United States Code, Section 3742(a). Because this Plea Agreement is tendered pursuant to Fed. R. Crim. P. 11(c)(1)(C), Defendant hereby waives this and any right to appeal the Court's entry of judgment against Defendant and its sentencing decision. Defendant further waives all rights to contest Defendant's conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255.

Should the Court reject the Plea Agreement, Defendant will be permitted to withdraw its plea, the parties will be released from their commitments under this Plea Agreement, and the Plea Agreement shall become null and void.

AGREED:

TIMOTHY Q. PURDON
United States Attorney

Dated: _JAN. 4, 2013_   By: _____

CAMERON W. HAYDEN
Assistant United States Attorney

8

MON-DAK WATER & SEPTIC, LLC


Dated: _12 - 12 - 12_     By: _B. Vahel_          _Managing Member_
                         By: _____ Defendant
                         Title: _____


VENABLE, LLP


Dated: _12|11|12_     By: _____
                      Thomas J. Kelly, Esq.
                      Attorney for Defendant, Mon-Dak Water &
                      Septic, LLC


9